| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2575CV00027 | Massachusetts Trial Court Superior Court **# 2** |
|---|---|---|
| | | COUNTY    NANTUCKET SUPERIOR COURT |

| Plaintiff Patricia R. Belford, as Trustee of Belford Family Trust | Defendant: Jonathan Jacoby |
|---|---|
| ADDRESS: 1 Tautemo Way | ADDRESS: 3 Tautemo Way |
| Nantucket, MA | Nantucket, MA |
| | |
| Plaintiff Attorney: Glenn Wood / Ryan Douglas | Defendant Attorney: |
| ADDRESS: Rubin and Rudman LLP | ADDRESS: Filed 06/23/2025 |
| 53 State Street, 15th Flr. Boston, MA 02109 | |
| BBO: 547421/797895 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. B04 | TYPE OF ACTION (specify) Other Negligence - Personal Injury/ | TRACK F | HAS A JURY CLAIM BEEN MADE? ☐ YES  ☒ NO |
|---|---|---|---|

*If "Other" please describe:    Property Damage - trespass G.L. c.242, Sec. 7

| Is there a claim under G.L. c. 93A? ☐ YES  ☒ NO | Is there a class action under Mass. R. Civ. P. 23? ☐ YES  ☒ NO |
|---|---|

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

   1. Total hospital expenses

   2. Total doctor expenses

   3. Total chiropractic expenses

   4. Total physical therapy expenses

   5. Total other expenses (describe below)

                                                                       Subtotal (1-5):         $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date                     $486,000+

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

   *replacement of trees cut down

                                                        TOTAL (A-F):     $486,000+

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Self-Represented Plaintiff: X | Date: |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X | Date:    **June 23, 2025** |
|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (A) |
| PE1 Administrative Action involving an Incarcerated Party | (A) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E(X) | |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (X) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S(X) | |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF —** On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT —** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

## COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. _2575CV00027_

---

PATRICIA R. BELFORD, as Trustee of the
BELFORD FAMILY TRUST,

    Plaintiff,

v.

JONATHAN JACOBY,

    Defendant.

---

Filed 06/23/2025

## __COMPLAINT__

This case arises from the willful and unauthorized destruction of mature trees located on the Plaintiff's property at 1 Tautemo Way on Nantucket. In early 2025, Defendant Jonathan Jacoby, an abutting property owner, entered the Plaintiff's property without permission and cut down a significant number of mature trees. The Defendant's actions were calculated to enhance the ocean view from his own residence at 3 Tautemo Way and were carried out with full knowledge that he lacked any legal right to do so. The trees at issue were planted by the Belford family in the 1970s and maintained for nearly five (5) decades. Their removal was not only a violation of the Plaintiff's property rights, but also caused lasting damage to the character, value, and privacy of the property. The Defendant's conduct has been investigated by the Nantucket Police Department, and a related criminal matter is ongoing. Through this civil action, the Plaintiff seeks to hold the Defendant accountable for trespass, conversion, and violation of the Massachusetts tree-cutting statute, G.L. c. 242, § 7.

## PARTIES

1.    Plaintiff Patricia R. Belford is the Trustee of the Belford Family Trust, the record owner of the property located at 1 Tautemo Way, Nantucket, Massachusetts.

2.    Defendant Jonathan Jacoby is an individual who owns the property located at 3 Tautemo Way, Nantucket, Massachusetts.

## FACTUAL BACKGROUND

3.    The Belford Family Trust owns a residential parcel of land located at 1 Tautemo Way on Nantucket (the "Belford Property").

4.    The Belford Property is improved with a dwelling and extensive landscaping, which, until the Defendant's unlawful trespass and cutting, includes a line of mature trees and vegetation that had served for decades as a natural buffer and privacy screen between the Belford home and neighboring parcels.

5.    The trees included cedar, cherry, and Leyland Cypress, many of which were over 30 feet in height and decades old.

6.    These trees formed a natural barrier between the Belford home and Hummock Pond Road and provided shade, aesthetic value, privacy, and noise mitigation.

7.    On or about February 22, 2025, Defendant Jacoby unlawfully entered the Belford Property, walked across the Belford's driveway to the south/southwest portion of the Belford Property and cut down over sixteen (16) mature trees without notice or permission.

8.    The extent and location of the cutting, many feet away from the parties' shared property line, demonstrates this was no mistake.

9.    Jacoby performed this conduct intentionally and with the specific purpose of improving the ocean view from his own property located at 3 Tautemo Way.

10.     Jacoby has since listed 3 Tautemo Way for sale, boldly boasting its "sweeping view of the Atlantic Ocean", a description conspicuously missing from the property's prior listings. (3 Tautemo Way Nantucket MA).

11.     Jacoby did not obtain, nor did he ever seek, written or verbal consent from Belford or anyone lawfully authorized to act on behalf of the Belford Family Trust.

12.     Following the unauthorized cutting, Belford's property manager, Matt Erisman, discovered the damage and immediately contacted the Nantucket Police Department (the "NPD").

13.     Officer George Haddad of the NPD commenced an investigation.

14.     That investigation included a recorded statement from Jacoby's former landscaper, Krasimir Kirilov of Challenge Landscaping, who stated that Jacoby had cut down the trees. See **Exhibit A** for Kirilov's statement.

15.     The NPD collected other evidence, including photographs of the Belford Property and damage valuation assessments.

16.     The NPD concluded that Jacoby entered the property knowingly and willfully and cut the trees for his own personal benefit.

17.     Officer Haddad documented that Jacoby failed to produce any legitimate documentation of consent and determined that the cutting was done in a targeted fashion to expand views from the upper story of Jacoby's house.

18.     Drone and ground-level photographs submitted during the police investigation show the extensive damage caused to the Belford Property, the stumps and cleared area, and the newly exposed view from Jacoby's deck. These photographs are attached hereto as **Exhibit B**.

19.     There is an active and ongoing criminal proceeding related to this conduct, arising from NPD Report No. 25-002014. The matter remains open.

20.    The trees removed were mature specimens of significant size and value. Surfing Hydrangea Nursery, Inc. provided a written estimate that the cost to purchase and transport a single comparable Leyland Cypress tree of 30 feet or more in height would be $22,114.06. That estimate did not include the cost of planting or installation, which would require a specialized contractor. A copy of this valuation is attached as **Exhibit C**.

21.    Based on the number of trees removed, the replacement cost alone exceeds $486,000. This does not account for the historic value, loss of screening, increased noise, or reduction in overall property value.

22.    The complete removal of the trees destroyed the Belford Property's only natural buffer to Hummock Pond Road.

23.    As a result, the Belford Property is now exposed to full view from the street, and occupants are subject to significantly increased road noise, light, and privacy intrusion.

24.    The loss of the trees has significantly diminished the value and character of the Belford Property. The trees were a mature and integral part of the landscape, planted and cared for by the Belford family for nearly 50 years.

25.    Jacoby's actions were not only economically damaging but also emotionally devastating for Belford. The family viewed the trees as part of their home and history. Their removal was deeply distressing to Belford and the Belford family.

## <u>Count I – Trespass</u>

26.    Belford repeats and realleges the preceding paragraphs as if fully set forth herein.

27.    Jacoby knowingly entered onto the Belford Property without right or license and committed unauthorized acts by cutting and removing trees.

28.    Such conduct constitutes a trespass.

29.    As a result, Belford has suffered substantial harm and seeks compensatory damages.

## Count II – Violation of G.L. c. 242, § 7 (Tree-Cutting Statute)

30.    Belford repeats and realleges the preceding paragraphs.

31.    G.L. c. 242, § 7 provides that any person who willfully cuts down, girdles, or otherwise injures trees on the land of another shall be liable for three times the amount of damages assessed.

32.    Jacoby acted willfully and without lawful authority.

33.    Belford is entitled to recover treble damages pursuant to the statute.

## Count III – Conversion

34.    Belford repeats and realleges the preceding paragraphs.

35.    Jacoby exercised wrongful control and dominion over trees belonging to the Belford Property without consent.

36.    Jacoby's actions constitute conversion of property.

37.    Belford seeks full compensation for the value of the trees and landscape destroyed.

## Count IV – Intentional Infliction of Emotional Distress

38.    Belford repeats and realleges the preceding paragraphs.

39.    Jacoby's conduct was extreme, outrageous, and committed with reckless disregard for the foreseeable emotional harm to Belford and the Belford family.

40.    Jacoby exploited the known absence of the Belfords to take actions he would not have dared if they had been present.

41.    Belford has suffered substantial emotional distress, anguish, and outrage as a direct result.

## PRAYER FOR RELIEF

WHEREFORE, Belford, on behalf of the Belford Family Trust respectfully requests that this Court:

A.     Enter judgment in Plaintiff's favor on all counts;

B.     Award compensatory and statutory damages, including treble damages under G.L.

c.242, § 7;

C.     Award damages for emotional distress and punitive damages;

D.     Enjoin the Defendant from trespassing on the Plaintiff's property; and

E.     Order such further relief as the Court deems just and proper.

<div style="margin-left: 50%;">

Respectfully submitted,
PATRICIA R. BELFORD,
as Trustee of the BELFORD
FAMILY TRUST,
By its attorneys,

*/s/ Glenn A. Wood*
Glenn A. Wood, BBO # 547421
Ryan Douglas, BBO # 797895
Rubin and Rudman LLP
53 State Street, 15th Floor
Boston, MA 02109
(617) 330-7000
gwood@rubinrudman.com
rdouglas@rubinrudman.com

</div>

Dated: June 23, 2025

# EXHIBIT A

# NANTUCKET POLICE DEPARTMENT

## Voluntary Statement
### (NOT UNDER ARREST)

Case No. 25-2014

Page Number 1

I, KRASIMIR Kirilov , am not under arrest for any criminal offense connected with the events for which I am about to make known to the Nantucket Police Department. I volunteer the following information of my own free will, for whatever purpose it may serve.

My Date of Birth is 04/07/1978 and I live on island at 3 B SKIFF LN

and I live off island at _____ and I can be

contacted at the following telephone numbers 508-332-0533

DURING THE FIRST FEW dAYS of Nantucket School VACATION (02/22/2025 – 03/02/2025) I was contacted by Jake Jacoby – owner of the property at 3 Tautemo way in order to help him with some tree work that he wanted to do by himself and I had to help him with hauling (cleanup) the stuff he cuts to the landfill. At that point I told him that I was not on Nantucket and I am away, and unfortunately I was not able to help him. He said that was fine with him and also I can haul the stuff after I get back on the island. Meanwhile he said he will cut the stuff he planned to and that way there will be clear what needs to be cut. We agreed to give him a call after I am back. So I did that. On Sunday 03/02/2025 I called him and told him that I am back on the island and could help him with the cleanup work. I had to do for him. He explained that he cut trees

I have carefully read each page of this statement consisting of ___ pages(s), each page of which bears my signature. Corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct to the best of my knowledge.

Dated in Nantucket this 11 day of March, 2025

_____
Signature of Person Giving Voluntary Statement

_____
Signature of Reviewing Police Officer / Witness    Badge #    1082

# NANTUCKET POLICE DEPARTMENT

## Continuation of Voluntary Statement
### (NOT UNDER ARREST)

Case No 25-2014
Page Number 2 of 3

Statement of KRASIMIR KIRILOV in Nantucket on 03/11/2025

ON BOTH his property and his Neighbor's property at 1 Trifero way. When I realized that I had to be doing some cleanup work on his neighbor's property I said that I CAN NOT do anything at someone else's property without a permission. He said he had prior permission (authorization) by his neighbor at (1 Trifero way) the owner of the property and he (Jake) is responsible for all the work he has done and also for the cleanup that he asked me to do for hire. I asked him to send me an e-mail with his words in writing and have that as a proof that he is responsible for the cleanup work he was asking me to help him with on his neighbor's property. He sent me an email saying that. He offered me to use his equipment in the garage if I don't have my equipment to perform the cleanup work, but I did not want to be responsible for someone else's equipment, since I have my own equipment. The next day Monday 03/03/2025 at about 12:30 p.m. I went to check out the cleanup work I had to do. I took pictures of the job site before I started to work and began working. During the work I was performing, I have NOT cut any single tree or a part of a tree, which was not already cut by Jake. Technically I was doing just a cleanup work of the tree work he did the previous week. I have NOT cut anything that was not already cut. I was working by myself and the project took me a little longer then I taught.

_____
Signature of Person Giving Voluntary Statement

# NANTUCKET POLICE DEPARTMENT

## Continuation of Voluntary Statement
### (NOT UNDER ARREST)

Case No 25-2014

Page Number 3 of 3

Statement of Krasimir Kirilov  in Nantucket on 03/11/2025

I WAS just About to complete the cleanup on Wednesday 03/05/2025, when THE CARETAKER - MATT at 1 Truxolo WAY came to THE property AND at that moment I realized that he WAS NOT AWARE OF the cleanup WORK, I WAS doing. I WAS surprised to find that out. I explained what WAS going on AND he said that he has NO IDEA ABOUT it. I immediately called Tauu AND put him on the phone with MATT. They talked over THE phone. After that MATT said that I can leave AND I did that.

Signature of Person Giving Voluntary Statement

# EXHIBIT B

Case 25-2014



Blue line outline shows area that was cleared of Leyland Cypress trees.



Facing South towards water from the front yard of 1 Tautemo Way.



Street view facing North towards 3 Tautemo Way from the Cisco Beach parking area.



View facing Southwest



View facing North between properties 1 and 3 Tautemo Way.



Facing Northwest



Hesitation/partial cut marks by chainsaw.



Facing West



Case 25-2014



Area facing South before tree clean up



Area facing South before tree clean up

# EXHIBIT C

*** Duplicate ***
Quote expires
May 18, 2025  12:00 am

**Surfing Hydrangea Nursery, Inc.**
Post Office Box 2819
Nantucket,   MA  02584-2819
(508) 228-6828 Phone
(508) 228-3085 Fax
www.surfinghydrangea.com

**Ticket #:** 1-1001106
**Ticket date:** 4/18/25
**Customer #:** A  1
**Sales Rep:** CRAIG
**Station:** BO2

Page 1 of 1

Bill to:                                              Ship to:

**Per:**  George Haddad
**Job Details:**  Estimate for Leyland Cypress

| Item Lookup Code | Description | Quantity | List Price | Net Price | Extended |
|---|---|---|---|---|---|
| MISCPL-T | Miscellaneous Plant (taxable)<br>misc. plant (taxable)<br>***Cupressocyparis leylandii specimen 30' + height***<br>***Pricing is FOB Maryland*** | 1 | 0.00 | 8,625.00 | 8,625.00 |
| FRCH | Independent Freight Company<br>Freight Charges<br>***Freight charge estimate Maryland to Nantucket***<br>***for semi-trailer including Steamship Authority***<br>***charges*** | 1 | 0.00 | 5,450.00 | 5,450.00 |
| MISCSE | misc. service (tax exempt)<br>misc.service (tax exempt)<br>***Planting services not available directly through***<br>***Surfing Hydrangea Nursery. Estimate provided***<br>***here as a guidline. Actual cost may depend on***<br>***contractor used and variables at planting site and***<br>***additonal materials required such as soil***<br>***products, guy wire, anchors etc..*** | 1 | 0.00 | 7,500.00 | 7,500.00 |

| | | | |
|---|---|---|---|
| **User:**  CRAIG | **Total line items:** 3 | **Sale subtotal:** | 21,575.00 |
| | | **Tax:** | 539.06 |
| | | **Total:** | 22,114.06 |

- NURSERY STOCK CARRIES NO WARRANTY.
- PLANTS LEFT UNCLAIMED BEYOND ONE WEEK WILL
AUTOMATICALLY BE RETURNED TO OUR OPEN
INVENTORY.

- NO RETURNS OR EXCHANGES.
- PLEASE MONITOR THE WATER REQUIREMENTS OF
NEWLY INSTALLED PLANTS REGULARLY.

