| CASE TYPE: | Real Property | FILE DATE: | 06/23/2025 |
|---|---|---|---|
| ACTION CODE: | C99 | CASE TRACK: | F - Fast Track |
| DESCRIPTION: | Other Real Property Action | | |
| CASE DISPOSITION DATE: | | CASE STATUS: | Open |
| CASE DISPOSITION: | Pending | STATUS DATE: | 06/23/2025 |
| CASE JUDGE: | | CASE SESSION: | Civil A NANTUCKET |

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 09/22/2025 | |
| Rule 15 Served By | 10/21/2025 | |
| Answer | 10/21/2025 | |
| Rule 12/19/20 Served By | 10/21/2025 | |
| Rule 15 Filed By | 11/20/2025 | |
| Rule 12/19/20 Filed By | 11/20/2025 | |
| Rule 12/19/20 Heard By | 12/22/2025 | |
| Rule 15 Heard By | 12/22/2025 | |
| Discovery | 04/21/2026 | |
| Rule 56 Served By | 05/19/2026 | |
| Rule 56 Filed By | 06/18/2026 | |
| Final Pre-Trial Conference | 10/16/2026 | |
| Judgment | 04/14/2027 | |

## PARTIES

| | | |
|---|---|---|
| **Plaintiff**<br>Patricia R. Belford Trustee of The Belford Family Trust | **Attorney**<br>Glenn A Wood<br>Rubin and Rudman LLP<br>Rubin and Rudman LLP<br>53 State St<br>15th Floor<br>Boston, MA 02109<br>Work Phone (617) 330-7016<br>Added Date: 06/23/2025 | 547421 |
| | **Attorney**<br>Ryan G Douglas<br>Rubin and Rudman LLP<br>Rubin and Rudman LLP<br>53 State St<br>Boston, MA 02109<br>Work Phone (617) 330-7000<br>Added Date: 06/23/2025 | 707895 |
| **Defendant**<br>Jacoby, Jonathan<br>3 Tautemo Way<br>Nantucket, MA 02554 | **Attorney**<br>Alan D Rose<br>Rose Law Partners LLP<br>Rose Law Partners LLP<br>One Beacon St 23rd Floor<br>Boston, MA 02108<br>Work Phone (617) 536-0040<br>Added Date: 07/22/2025 | 427280 |

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 06/23/2025 | 2 | Civil action cover sheet filed. | |
| 06/23/2025 | 1 | Complaint electronically filed. | |
| 06/23/2025 | | Case assigned to:<br>DCM Track F - Fast Track was added on 06/23/2025 | |
| 06/23/2025 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney: Glenn A Wood, Esq. gwood@rubinrudman.com<br>Plaintiff, Attorney: Ryan G Douglas, Esq. rdouglas@rubinrudman.com | |
| 06/27/2025 | 3 | SERVICE Returned for<br>Defendant Jacoby, Jonathan: Served a Copy of This Summons and<br>Complaint, Service made in hand; 3 Tautemo Way, Nantucket MA 02554 | |
| 07/22/2025 | 4 | Defendant Jonathan Jacoby's Notice of<br>Removal | |
| 07/22/2025 | | Attorney appearance<br>On this date Alan D Rose, Esq. added for Defendant Jonathan Jacoby | |

Nantucket Superior Court
**A TRUE COPY, CERTIFIED,**

_Colleen L Wheld_
**Clerk**

Date _____ 7/23/2025

# 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICIA R. BELFORD, as Trustee of the ) 
BELFORD FAMILY TRUST, )
)
    Plaintiff, )
)
    v. )
)
JONATHAN JACOBY, )
)
    Defendant. )
)

Civil Action No. 2575CV00027

Filed 07/22/2025

## <u>DEFENDANT JONATHAN JACOBY'S NOTICE OF REMOVAL</u>

To: Clerk of the United States District Court for the District of Massachusetts

PLEASE TAKE NOTICE THAT Defendant Jonathan Jacoby (hereinafter, sometimes, "Defendant"), hereby removes to this Court the state court action described herein, pursuant to 28 U.S.C. Sections 1332, 1441, 1446, and 1447. Pursuant to 28 U.S.C. Section 1446(d) and this Court's Local Rules, copies of this Notice of Removal and all other papers filed herewith are being served on Plaintiff's counsel and are also being filed in the Superior Court for Nantucket County, Commonwealth of Massachusetts.

### *Introduction*

1.    On June 23, 2025, Plaintiff Patricia Belford, as Trustee of the Belford Family Trust ("Plaintiff"), filed a Complaint against Defendant in the Superior Court for Nantucket County, Commonwealth of Massachusetts, Civil Action No. 2575CV00027 ("State Court Action").

2.    The State Court Action concerns allegations that the Defendant entered onto Plaintiff's property in Nantucket and cut down certai

1

Date Filed 7/22/2025 4:38 PM Case 1:25-cv-12053-LTS     Document 5     Filed 07/28/25     Page 4 of 34
Superior Court - Nantucket     Case 1:25-cv-12053-LTS     Document 1     Filed 07/22/25     Page 2 of 4
Docket Number 2575CV00027

Complaint claims damages in excess of $486,000. Defendant denies the material allegations of the Complaint.

     3.     Pursuant to Local Rule 81.1, Defendant will, within 28 days of the filing of this Notice of Removal, file and serve counsel with attested or certified copies of all papers, records, proceedings, and docket entries on file in the Superior Court for Nantucket County in this matter.

*Jurisdictional Basis for Removal*

     4.     Pursuant to 28 U.S.C. Section 1332 (a), this Court has jurisdiction over this action, because Plaintiff is a citizen of the State of Florida, Defendant is a citizen of the State of Utah, and there is therefore complete diversity of citizenship between the parties. Therefore, this action could originally have been filed in this Court and is properly removable to this Court.

     5.     The amount in controversy, according to Paragraph 21 of the Complaint, is $486,000, therefore "exceeds the sum or value of $75,000, exclusive of interest and costs," and thus satisfies the threshold requirement in 28 U.S.C. Section 1332(a).

     6.     Plaintiff filed the State Court Acti    on Ju

o 28

U.S.C. Section 1441(a).

     8.     Plaintiff and Defendant are subject to this Court's jurisdiction.

     9.     No previous notice or application for removal has been made.

Date Filed 7/22/2025 4:38 PM Case 1:25-cv-12053-LTS    Document 5    Filed 07/28/25    Page 5 of 34
Superior Court - Nantucket    Case 1:25-cv-12053-LTS    Document 1    Filed 07/22/25    Page 3 of 4
Docket Number 2575CV00027

10.    Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391, since Plaintiff and Defendant own property within this judicial district and the events which are the subject of the State Court Action occurred within this judicial district.

11.    Defendant reserves all rights and objections to the claims in the State Court Action, including, inter alia, the right to move for dismissal of the Complaint on any basis. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

WHEREFORE, Defendant Jonathan Jacoby respectfully gives notice that the above-captioned civil action pending in the Superior Court of Nantucket County, Commonwealth of Massachusetts, is removed to this Court, pursuant to 28 U.S.C. Sections 1332, 1441, 1446, and 1447.

Respectfully submitted,

JONATHAN JACOBY,

By his attorney,

/s/ Alan D. Rose
Alan D. Rose (BBO # 427280)
ROSE LAW PARTNERS LLP
One Beacon Street, 23rd Floor
Boston, Massachusetts 02108
(617) 536-0040
Fax: (617) 536-4400
adr@rose-law.net

Date: July 22, 2025

Date Filed 7/22/2025 4:38 PM Case 1:25-cv-12053-LTS    Document 5    Filed 07/28/25    Page 6 of 34
Superior Court - Nantucket      Case 1:25-cv-12053-LTS    Document 1    Filed 07/22/25    Page 4 of 4
Docket Number 2575CV00027

## CERTIFICATE OF SERVICE

I hereby certify that I caused this document to be filed through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and/or electronic copies will be sent to those indicated as non-registered participants.

*/s/ Alan D. Rose*
Alan D. Rose

Date: July 22, 2025

4

Date Filed 6/23/2025 11:17 Case 1:25-cv-12053-LTS    Document 5    Filed 07/28/25    Page 7 of 34
Superior Court - Nantucket
Docket Number

# 1

COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. _2575CV00027_

PATRICIA R. BELFORD, as Trustee of the
BELFORD FAMILY TRUST,

     Plaintiff,

v.

JONATHAN JACOBY,

     Defendant.

Filed 06/23/2025

## **COMPLAINT**

     This case arises from the willful and unauthorized destruction of mature trees located on the Plaintiff's property at 1 Tautemo Way on Nantucket. In early 2025, Defendant Jonathan Jacoby, an abutting property owner, entered the Plaintiff's property without permission and cut down a significant number of mature trees. The Defendant's actions were calculated to enhance the ocean view from his own residence at 3 Tautemo Way and were carried out with full knowledge that he lacked any legal right to do so. The trees at issue were planted by the Belford family in the 1970s and maintained for nearly five (5) decades. Their removal was not only a violation of the Plaintiff's property rights, but also caused lasting damage to the character, value, and privacy of the property. The Defendant's conduct has been investigated by the Nantucket Police Department, and a related criminal matter is ongoing. Through this civil action, the Plaintiff seeks to hold the Defendant accountable for trespass, conversion, and violation of the Massachusetts tree-cutting statute, G.L. c. 242, § 7.

**PARTIES**

1.      Plaintiff Patricia R. Belford is the Trustee of the Belford Family Trust, the record owner of the property located at 1 Tautemo Way, Nantucket, Massachusetts.

2.      Defendant Jonathan Jacoby is an individual who owns the property located at 3 Tautemo Way, Nantucket, Massachusetts.

**FACTUAL BACKGROUND**

3.      The Belford Family Trust owns a residential parcel of land located at 1 Tautemo Way on Nantucket (the "Belford Property").

4.      The Belford Property is improved with a dwelling and extensive landscaping, which, until the Defendant's unlawful trespass and cutting, includes a line of mature trees and vegetation that had served for decades as a natural buffer and privacy screen between the Belford home and neighboring parcels.

5.      The trees included cedar, cherry, and Leyland Cypress, many of which were over 30 feet in height and decades old.

6.      These trees formed a natural barrier between the Belford home and Hummock Pond Road and provided shade, aesthetic value, privacy, and noise mitigation.

7.      On or about February 22, 2025, Defendant Jacoby unlawfully entered the Belford Property, walked across the Belford's driveway to the south/southwest portion of the Belford Property and cut down over sixteen (16) mature trees without notice or permission.

8.      The extent and location of the cutting, many feet away from the parties' shared property line, demonstrates this was no mistake.

9.      Jacoby performed this conduct intentionally and with the specific purpose of improving the ocean view from his own property located at 3 Tautemo Way.

10.     Jacoby has since listed 3 Tautemo Way for sale, boldly boasting its "sweeping view of the Atlantic Ocean", a description conspicuously missing from the property's prior listings. (3 Tautemo Way Nantucket MA).

11.     Jacoby did not obtain, nor did he ever seek, written or verbal consent from Belford or anyone lawfully authorized to act on behalf of the Belford Family Trust.

12.     Following the unauthorized cutting, Belford's property manager, Matt Erisman, discovered the damage and immediately contacted the Nantucket Police Department (the "NPD").

13.     Officer George Haddad of the NPD commenced an investigation.

14.     That investigation included a recorded statement from Jacoby's former landscaper, Krasimir Kirilov of Challenge Landscaping, who stated that Jacoby had cut down the trees. See **Exhibit A** for Kirilov's statement.

15.     The NPD collected other evidence, including photographs of the Belford Property and damage valuation assessments.

16.     The NPD concluded that Jacoby entered the property knowingly and willfully and cut the trees for his own personal benefit.

17.     Officer Haddad documented that Jacoby failed to produce any legitimate documentation of consent and determined that the cutting was done in a targeted fashion to expand views from the upper story of Jacoby's house.

18.     Drone and ground-level photographs submitted during the police investigation show the extensive damage caused to the Belford Property, the stumps and cleared area, and the newly exposed view from Jacoby's deck. These photographs are attached hereto as **Exhibit B**.

19.     There is an active and ongoing criminal proceeding related to this conduct, arising from NPD Report No. 25-002014. The matter remains open.

20.     The trees removed were mature specimens of significant size and value. Surfing Hydrangea Nursery, Inc. provided a written estimate that the cost to purchase and transport a single comparable Leyland Cypress tree of 30 feet or more in height would be $22,114.06. That estimate did not include the cost of planting or installation, which would require a specialized contractor. A copy of this valuation is attached as **Exhibit C**.

21.     Based on the number of trees removed, the replacement cost alone exceeds $486,000. This does not account for the historic value, loss of screening, increased noise, or reduction in overall property value.

22.     The complete removal of the trees destroyed the Belford Property's only natural buffer to Hummock Pond Road.

23.     As a result, the Belford Property is now exposed to full view from the street, and occupants are subject to significantly increased road noise, light, and privacy intrusion.

24.     The loss of the trees has significantly diminished the value and character of the Belford Property. The trees were a mature and integral part of the landscape, planted and cared for by the Belford family for nearly 50 years.

25.     Jacoby's actions were not only economically damaging but also emotionally devastating for Belford. The family viewed the trees as part of their home and history. Their removal was deeply distressing to Belford and the Belford family.

### Count I – Trespass

26.     Belford repeats and realleges the preceding paragraphs as if fully set forth herein.

27.     Jacoby knowingly entered onto the Belford Property without right or license and committed unauthorized acts by cutting and removing trees.

28.     Such conduct constitutes a trespass.

29.    As a result, Belford has suffered substantial harm and seeks compensatory damages.

## Count II – Violation of G.L. c. 242, § 7 (Tree-Cutting Statute)

30.    Belford repeats and realleges the preceding paragraphs.

31.    G.L. c. 242, § 7 provides that any person who willfully cuts down, girdles, or otherwise injures trees on the land of another shall be liable for three times the amount of damages assessed.

32.    Jacoby acted willfully and without lawful authority.

33.    Belford is entitled to recover treble damages pursuant to the statute.

## Count III – Conversion

34.    Belford repeats and realleges the preceding paragraphs.

35.    Jacoby exercised wrongful control and dominion over trees belonging to the Belford Property without consent.

36.    Jacoby's actions constitute conversion of property.

37.    Belford seeks full compensation for the value of the trees and landscape destroyed.

## Count IV – Intentional Infliction of Emotional Distress

38.    Belford repeats and realleges the preceding paragraphs.

39.    Jacoby's conduct was extreme, outrageous, and committed with reckless disregard for the foreseeable emotional harm to Belford and the Belford family.

40.    Jacoby exploited the known absence of the Belfords to take actions he would not have dared if they had been present.

41.    Belford has suffered substantial emotional distress, anguish, and outrage as a direct result.

## PRAYER FOR RELIEF

WHEREFORE, Belford, on behalf of the Belford Family Trust respectfully requests that this Court:

A.     Enter judgment in Plaintiff's favor on all counts;

B.     Award compensatory and statutory damages, including treble damages under G.L. c.242, § 7;

C.     Award damages for emotional distress and punitive damages;

D.     Enjoin the Defendant from trespassing on the Plaintiff's property; and

E.     Order such further relief as the Court deems just and proper.

Respectfully submitted,
PATRICIA R. BELFORD,
as Trustee of the BELFORD
FAMILY TRUST,
By its attorneys,

/s/ Glenn A. Wood
Glenn A. Wood, BBO # 547421
Ryan Douglas, BBO # 797895
Rubin and Rudman LLP
53 State Street, 15th Floor
Boston, MA 02109
(617) 330-7000
gwood@rubinrudman.com
rdouglas@rubinrudman.com

Dated: June 23, 2025

-6-

# EXHIBIT A

# NANTUCKET POLICE DEPARTMENT
## Voluntary Statement
### (NOT UNDER ARREST)

Case No 25-2014

Page Number 1

I, _Krasimir Kirilov_ , am not under arrest for any criminal offense connected with the events for which I am about to make known to the Nantucket Police Department. I volunteer the following information of my own free will, for whatever purpose it may serve.

My Date of Birth is _04/07/1978_ and I live on island at _3 B Skiff LN_

and I live off island at _____ and I can be

contacted at the following telephone numbers _508-332-0533_

DURING THE FIRST FEW dAYS OF NAntucket School VACATION (02/22/2025 - 03/02/2025) I was contacted by Dave Jacoby - owner of the property at 3 Trifero Way in order to help him with some tree work that he wanted to do by himself And I had to help him with hauling (cleanup) THE STUFF he cuts to the land Bill. At that point I told him that I was NOT on Nantucket And I Am Away, And unfortunately I was NOT Able to help him. He said that was fine with him and also I can haul the stuff after I get back on the island. Meanwhile he said he will cut the stuff he planned to and that way there will be clear what needs to be cut. We Agreed to give him A call After I Am back. So I did that. On Sunday 03/02/2025 I called him And told him that I Am back on the island And could help him with the cleanup work. I had to do for him. He explained that he cut trees

I have carefully read each page of this statement consisting of ____ pages(s), each page of which bears my signature. Corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct to the best of my knowledge.

Dated in Nantucket this _11_ day of _March_, 2025

_____
Signature of Person Giving Voluntary Statement

_____  1082
Signature of Reviewing Police Officer / Witness    Badge #

# NANTUCKET POLICE DEPARTMENT

## Continuation of Voluntary Statement
(NOT UNDER ARREST)

Case No 25-2014
Page Number 2 of 3

Statement of KRASIMIR MIRION in Nantucket on 03/11/2025

ON BOTH his property and his Neighbor's property at
1 Thurcuo Way. When I realized that I had to
be doing some cleanup work on his neighbor's property.
I said that I CAN NOT do anything at someone else's
property without a permission. He said he had prior
permission (authorization) By his Neighbor AT (1 Thurcuo way)
THE owner of the property And he (Jace) is responsible
for all the work he has done and also for the cleanup
that he asked me to do for him. I asked him to send me
an e-mail with his words in writing and have that as
a proof that he is responsible for the cleanup work
he was asking me to help him with on his neighbor's
property. He sent me an email saying that. He offered
me to use his equipment in the garage if I don't have
my equipment to perform the cleanup work, but I did not
want to be responsible for someone else's equipment, since
I have my own equipment. The next day Monday 03/03/2025
at About 12:30 p.m. I went to check out the cleanup work,
I had to do. I took pictures of the job site before I
started to work and began working. During the work
I was performing I have NOT cut any single tree or
a part of a tree, which was not already cut by Jace.
Technically I was doing just a cleanup work of the tree work
he did the previous week. I have NOT cut anything that
was not already cut. I was working by myself
and the project took me a little longer then I thought.

Signature of Person Giving Voluntary Statement

Date Filed 6/23/2025 11:17 AM
Superior Court - Nantucket
Docket Number

# NANTUCKET POLICE DEPARTMENT

## Continuation of Voluntary Statement
(NOT UNDER ARREST)

Case No 25-2014

Page Number 3 of 3

Statement of Krasimir Kirilov    in Nantucket on 03/11/2025

I was just about to complete the cleanup on Wednesday 03/05/2025, when the caretaker - Matt at 1 Trintolo Way came to the property and at that moment I realized that he was not aware of the cleanup work I was doing. I was surprised to find that out. I explained what was going on and he said that he has no idea about it. I immediately called Joyce and put him on the phone with Matt. They talked over the phone. After that Matt said that I can leave and I did that.

Signature of Person Giving Voluntary Statement

Superior Court.- Nantucket
Docket Number'

# EXHIBIT B

Case 25-2014



Blue line outline shows area that was cleared of Leyland Cypress trees.

Date Filed 6/23/2025 11:17 AM
Superior Court,- Nantucket
Docket Number



Facing South towards water from the front yard of 1 Tautemo Way.



Street view facing North towards 3 Tautemo Way from the Cisco Beach parking area.



View facing Southwest



View facing North between properties 1 and 3 Tautemo Way.



Facing Northwest



Hesitation/partial cut marks by chainsaw.

Superior Court - Nantucket
Docket Number



Facing West



Case 25-2014



Area facing South before tree clean up



Area facing South before tree clean up

Date Filed 6/23/2025 11:17 AM
Superior Court - Nantucket
Docket Number

# EXHIBIT C

**Quote**



*** **Duplicate** ***
Quote expires
May 18, 2025  12:00 am

**Surfing Hydrangea Nursery, Inc.**
Post Office Box 2819
Nantucket,  MA  02584-2819
(508) 228-6828 Phone
(508) 228-3085 Fax
www.surfinghydrangea.com

**Ticket #:** 1-1001106
**Ticket date:** 4/18/25
**Customer #:** A  1
**Sales Rep:** CRAIG
**Station:** BO2

Page 1 of 1

**Bill to:**                                                                                      **Ship to:**

**Per:**  George Haddad
**Job Details:**  Estimate for Leyland Cypress

| Item Lookup Code | Description | Quantity | List Price | Net Price | Extended |
|---|---|---|---|---|---|
| MISCPL-T | Miscellaneous Plant (taxable)<br>misc. plant (taxable)<br>*Cupressocyparis leylandii specimen 30' + height*<br>*Pricing is FOB Maryland* | 1 | 0.00 | 8,625.00 | 8,625.00 |
| FRCH | Independent Freight Company<br>Freight Charges<br>*Freight charge estimate Maryland to Nantucket*<br>*for semi-trailer including Steamship Authority*<br>*charges* | 1 | 0.00 | 5,450.00 | 5,450.00 |
| MISCSE | misc. service (tax exempt)<br>misc.service (tax exempt)<br>*Planting services not available directly through*<br>*Surfing Hydrangea Nursery. Estimate provided*<br>*here as a guidline. Actual cost may depend on*<br>*contractor used and variables at planting site and*<br>*additonal materials required such as soil*<br>*products, guy wire, anchors etc..* | 1 | 0.00 | 7,500.00 | 7,500.00 |

| | User:   CRAIG | Total line items:  3 | Sale subtotal: | 21,575.00 |
|---|---|---|---|---|
| | | | Tax: | 539.06 |
| | | | Total: | 22,114.06 |

- NURSERY STOCK CARRIES NO WARRANTY.
- PLANTS LEFT UNCLAIMED BEYOND ONE WEEK WILL
AUTOMATICALLY BE RETURNED TO OUR OPEN
INVENTORY.

- NO RETURNS OR EXCHANGES.
- PLEASE MONITOR THE WATER REQUIREMENTS OF
NEWLY INSTALLED PLANTS REGULARLY.



| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2575CV00027 | Massachusetts Trial Court #2 Superior Court |
|---|---|---|
| | | COUNTY    NANTUCKET SUPERIOR COURT |

| Plaintiff Patricia R. Belford, as Trustee of Belford Family Trust | Defendant: Jonathan Jacoby |
|---|---|
| ADDRESS: 1 Tautemo Way | ADDRESS: 3 Tautemo Way |
| Nantucket, MA | Nantucket, MA |
| Plaintiff Attorney: Glenn Wood / Ryan Douglas | Defendant Attorney: |
| ADDRESS: Rubin and Rudman LLP | ADDRESS: **Filed 06/23/2025** |
| 53 State Street, 15th Flr. | |
| Boston, MA 02109 | |
| BBO: 547421/797895 | BBO: |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence - Personal Injury/ | F | ☐ YES   ☒ NO |
| *If "Other" please describe: | Property Damage - trespass G.L. c.242, Sec. 7 | | |

Is there a claim under G.L. c. 93A?          Is there a class action under Mass. R. Civ. P. 23?
☐ YES   ☒ NO                    ☐ YES   ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date

   1. Total hospital expenses

   2. Total doctor expenses

   3. Total chiropractic expenses

   4. Total physical therapy expenses

   5. Total other expenses (describe below)

                            Subtotal (1-5):          $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date          $486,000+

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

   *replacement of trees cut down

                         TOTAL (A-F):          $486,000+

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X                    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X                    Date: **June 23, 2025**

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc.  (A)
AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc.  (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc.  (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials  (F)
A02 Goods Sold and Delivered  (F)
A03 Commercial Paper  (F)
A04 Employment Contract  (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1  (F)
A06 Insurance Contract  (F)
A08 Sale or Lease of Real Estate  (A)
A12 Construction Dispute  (A)
A14 Interpleader  (F)
BA1 Governance, Conduct, Internal Affairs of Entities  (A)
BA3 Liability of Shareholders, Directors, Officers, Partners, etc.  (A)
BB1 Shareholder Derivative  (A)
BB2 Securities Transactions  (A)
BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property  (A)
BD2 Proprietary Information or Trade Secrets  (A)
BG1 Financial Institutions/Funds  (A)
BH1 Violation of Antitrust or Trade Regulation Laws  (A)
A99 Other Contract/Business Action - Specify (F)

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

† Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract  (A)
D02 Reach and Apply  (F)
D03 Injunction  (F)
D04 Reform/ Cancel Instrument  (F)
D05 Equitable Replevin  (F)
D06 Contribution or Indemnification  (F)
D07 Imposition of a Trust  (A)
D08 Minority Shareholder's Suit  (A)
D09 Interference in Contractual Relationship  (F)
D10 Accounting  (A)
D11 Enforcement of Restrictive Covenant  (F)
D12 Dissolution of a Partnership  (F)
D13 Declaratory Judgment, G.L. c. 231A  (A)
D14 Dissolution of a Corporation  (F)
D99 Other Equity Action  (F)

### PA Civil Actions Involving Incarcerated Party ‡

PA1 Contract Action involving an Incarcerated Party  (A)
PB1 Tortious Action involving an Incarcerated Party  (A)
PC1 Real Property Action involving an Incarcerated Party  (F)
PD1 Equity Action involving an Incarcerated Party  (F)
PE1 Administrative Action involving an Incarcerated Party  (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal Injury/Property Damage  (F)
B04 Other Negligence - Personal Injury/Property Damage  (F)
B05 Products Liability  (A)
B06 Malpractice - Medical  (A)
B07 Malpractice - Other  (A)
B08 Wrongful Death - Non-medical  (A)
B15 Defamation  (A)
B19 Asbestos  (A)
B20 Personal Injury - Slip & Fall  (F)
B21 Environmental  (F)
B22 Employment Discrimination  (F)
BE1 Fraud, Business Torts, etc.  (A)
B99 Other Tortious Action  (F)

### RP Summary Process (Real Property)

S01 Summary Process - Residential  (X)
S02 Summary Process - Commercial/ Non-residential  (F)

### RP Real Property

C01 Land Taking  (F)
C02 Zoning Appeal, G.L. c. 40A  (F)
C03 Dispute Concerning Title  (F)
C04 Foreclosure of a Mortgage  (X)
C05 Condominium Lien & Charges  (X)
C99 Other Real Property Action  (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding  (X)
E97 Prisoner Habeas Corpus  (X)
E22 Lottery Assignment, G.L. c. 10, § 28  (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A  (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency, G.L. c. 30A  (X)
E03 Certiorari Action, G.L. c. 249, § 4  (X)
E05 Confirmation of Arbitration Awards  (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9  (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8  (X)
E08 Appointment of a Receiver  (X)
E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A  (A)
E10 Summary Process Appeal  (X)
E11 Worker's Compensation  (X)
E16 Auto Surcharge Appeal  (X)
E17 Civil Rights Act, G.L. c.12, § 11H  (A)
E24 Appeal from District Court Commitment, G.L. c.123, § 9(b)  (X)
E94 Forfeiture, G.L. c. 265, § 56  (X)
E95 Forfeiture, G.L. c. 94C, § 47  (F)
E99 Other Administrative Action  (X)
Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B  (F)
Z02 Appeal Bond Denial  (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A, § 12  (X)
E14 SDP Petition, G.L. c. 123A, § 9(b)  (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c. 6, § 178M  (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

# Commonwealth of Massachusetts

NANTUCKET, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. ___2570CV0027___

Patricia Belford, Trustee of the
Belford Family Trust_____, PLAINTIFF(S),

v.

Jonathan Jacoby_____, DEFENDANT(S)

# SUMMONS

**FILED**

JUN 3 0 2025

NANTUCKET SUPERIOR COURT

THIS SUMMONS IS DIRECTED TO ___Jonathan Jacoby_____. (Defendant's name)

<u>**You are being sued.**</u>   The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Nantucket Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  <u>**You must respond to this lawsuit in writing within 20 days.**</u> If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

    a.  Filing or mailing your **signed original** Answer with the Clerk's Office for Civil Business, Superior Court, 16 Broad Street, Nantucket, MA 02554, by mail or in person,  **AND**

    b.  Delivering or mailing a **copy** of your Answer to the Plaintiff's Attorney/Plaintiff at the following address: Glenn A. Wood, Rubin and Rudman LLP, 53 State Street, 15th Flr., Boston, MA 02109

3.  **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing the Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings**: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti, Chief Justice on _____June 25_____, 20_25_.

*Colleen S. Whelden*
Colleen S. Whelden
Clerk of the Courts

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.


## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____JUne 27,_____, 20_25_. I served a copy of this summons, together with a copy of the complaint in this action, on the defendant names in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

I served a copy of this summons and complaint in hand to
Jonathan Jacoby of 3 Tautemo Way, Nantucket, MA 02554

Dated: _____June 30, 2025_____    Signature: _____
                                  Special Sheriff Richard Harrington
                                  Nantucket County Sheriff Office
**N.B.    TO PROCESS SERVER:**       20 South Water Street
                                  Nantucket, MA 02554
PLEASE ENTER THE DATE THAT YOU MAKE SERVICE ON THE DEFENDANT IN
THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE
SUMMONS SERVED ON THE DEFENDANT.

June 27, 2025