UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA R. BELFORD, as Trustee of the BELFORD FAMILY TRUST, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN JACOBY, <br><br> Defendant. | Civil Action No. 1:25-cv-12053-LTS |

## ANSWER OF DEFENDANT JONATHAN JACOBY TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Jonathan Jacoby ("Jacoby") hereby answers the unnumbered and correspondingly numbered paragraphs of Plaintiff's Complaint as follows:

The first, second, and third sentences in the unnumbered paragraph are denied, since Jacoby had permission to remove the trees in question, just as he had permission to remove, and did remove, without complaint or question, two other trees on the same property on a previous occasion. Answering the fourth sentence, on information and belief, Jacoby states that the trees in question were planted sometime in the 1970s or 1980s. The fifth sentence is denied. The sixth sentence is admitted. Answering the seventh sentence, Jacoby denies trespass, conversion, violation of G.L.c. 242, Section 7, and intentional infliction of emotional distress.

## PARTIES

1. Denied. Further answering, upon information and belief, the records of the Nantucket Registry of Deeds do not reflect that the named Plaintiff in this lawsuit is the owner of One Tautemo Way, Nantucket, Massachusetts.

2. Admitted.

## FACTUAL BACKGROUND

3. Upon information and belief, denied.

4. Answering paragraph 4, Jacoby admits that the Belford property was at some point in time improved, with a dwelling and landscaping, denies any unlawful trespass or unlawful cutting, and states that the Belford property continues to have a natural buffer and privacy screen between the Belford home and neighboring parcels.

5. Admitted.

6. Admitted.

7. Denied as stated. Further answering, Jacoby states that he had been given permission to remove the Leyland Cypress trees in question, and that on or about February 24 and 25, as permitted, Jacoby entered the Belford property and cut down eight (8) trees with permission.

8. Answering paragraph 8, Jacoby states that he made no mistake in cutting down the eight (8) trees with permission.

9. Admitted. Further answering, as discussed when permission had been granted, such cutting of the eight (8) trees improved the view from the Belford home.

10. Denied. Further answering, Jacoby states that his property had existing views of the Atlantic Ocean and that the last clause of the sentence in paragraph 10 is false. The property was listed for sale in May 2025 with the exact same listing description as it had when it was listed from August 2024 to December 2024, including the phrase "sweeping views of the Atlantic Ocean."

11. Denied.

12. Answering paragraph 12, Jacoby denies that the cutting was unauthorized, and states that on information and belief, the property manager notified the Nantucket Police Department.

13. Upon information and belief, admitted.

14. Upon information and belief, admitted.

15. Upon information and belief, admitted, but Jacoby denies the accuracy of the damages assessments.

16. Insufficient knowledge or information to admit or deny.

17. Insufficient knowledge or information to admit or deny. To the extent that paragraph 17 was intended to refer to a written document, the document speaks for itself.

18. Insufficient knowledge or information to admit or deny what the photographs show. Further answering, Jacoby states that Exhibit B to the Complaint contains misleading photographs.

19. Admitted, but Jacoby denies that his conduct was unlawful.

20. Answering the first sentence of paragraph 20, Jacoby states that the trees which with permission were removed were mature; the first sentence is otherwise denied. Answering the second, third, and fourth sentences, Jacoby states that the estimate in Exhibit C to the Complaint does in fact include an estimated cost ($7,500) for planting services. Accordingly, Jacoby denies the statement in the third sentence of paragraph 20. Further answering, Jacoby denies that this replacement cost is an accurate measure of recovery in this case, even assuming liability, which Jacoby specifically denies.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

### Count I - Trespass

26. Jacoby repeats and incorporates by reference herein his answers to paragraphs 1-25 above.

27. Denied.

28. Denied.

29. Denied.

### Count II – Violation of G.L. c. 242, § 7 (Tree-Cutting Statute)

30. Jacoby repeats and incorporates by reference herein his answers to paragraphs 1-29 above.

31. No answer is required.

32. Denied.

33. Denied.

### Count III – Conversion

34. Jacoby repeats and incorporates by reference herein his answers to paragraphs 1-33 above.

35. Denied.

36. Denied.

37. Denied.

### Count IV – Intentional Infliction of Emotional Distress

38. Jacoby repeats and incorporates by reference herein his answers to paragraphs 1-37 above.

39. Denied.

40. Denied.

41. Denied.

## PRAYER FOR RELIEF

Jacoby denies all claims for relief.

## AFFIRMATIVE DEFENSES

**FIRST DEFENSE**

The Complaint fails to state a claim on which relief can be granted.

**SECOND DEFENSE**

The named plaintiff is not the record owner of the property, according to the Nantucket County Registry of Deeds. Therefore, the named plaintiff lacks the capacity and standing to bring this lawsuit.

**THIRD DEFENSE**

Defendant Jacoby at all times acted within the scope of the license he had been granted to remove the trees in question.

WHEREFORE, Jacoby respectfully requests that the Court enter judgment on his behalf dismissing the Complaint.

*[signature block appears on the following page]*

>Respectfully submitted,
>
>JONATHAN JACOBY,
>
>By his attorney,
>
>*/s/ Alan D. Rose*
>Alan D. Rose (BBO # 427280)
>ROSE LAW PARTNERS LLP
>One Beacon Street, 23rd Floor
>Boston, Massachusetts 02108
>(617) 536-0040
>Fax: (617) 536-4400
>adr@rose-law.net

Date: August 15, 2025

**CERTIFICATE OF SERVICE**

       I hereby certify that I caused this document to be filed through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and/or electronic copies will be sent to those indicated as non-registered participants.

                                            */s/ Alan D. Rose*
                                            Alan D. Rose

Date: August 15, 2025